# Supreme Court of Florida

---

No. SC2025-0530

---

**IN RE: AMENDMENTS TO THE FLORIDA RULES OF CRIMINAL PROCEDURE - 2025 LEGISLATION.**

May 22, 2025

PER CURIAM.

In response to recent legislation, The Florida Bar's Criminal Procedure Rules Committee has filed a "fast-track" report proposing amendments to Florida Rules of Criminal Procedure 3.130 (First Appearance) and 3.132 (Pretrial Detention).[1] The amendments reflect changes to section 907.041, Florida Statutes (2024), made by chapter 2025-001, section 14, Laws of Florida, which went into effect on February 13, 2025.

The Committee voted 24-0 to approve the proposed amendments. The Committee did not publish its proposal before filing it with the Court. After considering the Committee's proposal

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(e).

and the relevant legislation, we amend the Florida Rules of Criminal Procedure as proposed by the Committee, with slight modification. The more significant revisions are discussed below.

We amend rule 3.132 to add new subdivision (f)(2) to indicate that there is a rebuttable presumption that a defendant presents a substantial flight risk and to order pretrial detention in circumstances where there is probable cause to believe the defendant committed a forcible felony and that the defendant is an unauthorized alien. The language for this new subdivision is derived from section 907.041(6)(c), Florida Statutes, which was added by chapter 2025-001, section 14, Laws of Florida. Though the Committee slightly altered the statutory language by substituting "must" for "shall" and removing the word "that" from "that the defendant" and "that no conditions of release," we amend rule 3.132 with the language verbatim from the statute, except we do incorporate the Committee's suggestion that "s. 903.046" be replaced with "section 903.046, Florida Statutes" for clarity and replace "shall" with "must" for consistency with the criminal rules. Additionally, in conformity with *In re Guidelines for Rules Submissions*, Florida Administrative Order No. AOSC22-78 (Fla.

Oct. 24, 2022), and for consistency in the subdivision, we add a second-level subdivision title for (f)(2). Rule 3.130(d) is amended to reference both rule 3.131 and rule 3.132 in determining conditions of pretrial release.

Accordingly, the Florida Rules of Criminal Procedure are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately. Because the amendments were not published for comment prior to their adoption, interested persons shall have 75 days from the date of this opinion in which to file comments with the Court.[2]

---

2. All comments must be filed with the Court on or before August 5, 2025, with a certificate of service verifying that a copy has been served on the Committee Chair, Honorable Laura E. Ward, Thirteenth Judicial Circuit, 800 East Twiggs Street, Suite 526, Tampa, Florida 33602, wardle@fljud13.org and on the Bar Staff Liaison to the Committee, Michael Hodges, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, rules@floridabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until August 26, 2025, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal). If filed by a nonlawyer or a lawyer not licensed to

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Criminal Procedure

Hon. Laura E. Ward, Chair, Criminal Procedure Rules Committee, Tampa, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Michael Hodges, Staff Liaison, The Florida Bar, Tallahassee, Florida,

    for Petitioner

---

practice in Florida, the comment may be, but is not required to be, filed via the Portal. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927.

# APPENDIX

## RULE 3.130.  FIRST APPEARANCE

**(a)**  [No Change]

**(b)  Advice to Defendant.**

(1)  *Notice of Charges and Rights.* At the defendant's first appearance the judge ~~shall~~must immediately inform the defendant of the charge, including an alleged violation of probation or community control, and provide the defendant with a copy of the complaint. The judge ~~shall~~must also adequately advise the defendant that:

(A)- (C)  [No Change]

(2)  *Use of Video Recording to Provide Notice of Rights.* If the defendant was advised of the rights listed in subdivisions (b)(1)(A)–(b)(1)(C) by pre-recorded video, the judge ~~shall~~must confirm separately with each individual defendant that such defendant had an opportunity to view and understands the rights explained in the video recording.

**(c)  Counsel for Defendant.**

(1)  *Appointed Counsel.* If practicable, the judge should determine ~~prior to~~before the first appearance whether the defendant is financially able to afford counsel and whether the defendant desires representation. When the judge determines that the defendant is entitled to court-appointed counsel and desires counsel, the judge ~~shall~~must immediately appoint counsel. This determination must be made and, if required, counsel appointed no later than the time of the first appearance and before any other proceedings at the first appearance. If necessary, counsel may be appointed for the limited purpose of representing the defendant only at first appearance or at subsequent proceedings before the judge.

(2)   *Retained Counsel.* When the defendant has employed counsel or is financially able and desires to employ counsel to represent him or her at first appearance, the judge ~~shall~~must allow the defendant a reasonable time to send for counsel and ~~shall~~must, if necessary, postpone the first appearance hearing for that purpose. The judge ~~shall~~must also, on request of the defendant, require an officer to communicate a message to such counsel as the defendant may name. The officer ~~shall~~must, with diligence and without cost to the defendant if the counsel is within the county, perform the duty. If the postponement will likely result in the continued incarceration of the defendant beyond a 24-hour period, at the request of the defendant the judge may appoint counsel to represent the defendant for the first appearance hearing.

(3)   [No Change]

(4)   *Waiver of Counsel.* The defendant may waive the right to counsel at first appearance. The waiver, containing an explanation of the right to counsel, ~~shall~~must be in writing and signed and dated by the defendant. This written waiver of counsel ~~shall~~must, in addition, contain a statement that it is limited to first appearance only and ~~shall~~must in no way be construed to be a waiver of counsel for subsequent proceedings.

**(d)   Pretrial Release.** The judge ~~shall~~must proceed to determine conditions of release ~~pursuant to~~under rule 3.131 or rule 3.132. For a defendant who has been arrested for violation of his or her probation or community control by committing a new violation of law, the judge:

(1) – (2)   [No Change]

**Committee Notes**
[No Change]

**RULE 3.132.   PRETRIAL DETENTION**

**(a) – (e)**   [No Change]

**(f)    Custody; Release Conditions.**

(1)    [No Change]

(2)    *Unauthorized Aliens.* If, at the first appearance hearing, the court determines there is probable cause to believe the defendant committed a forcible felony and further determines by a preponderance of the evidence that the defendant is an unauthorized alien, the court must presume that the defendant presents a substantial flight risk and that no conditions of release will ensure his or her appearance at trial and must order pretrial detention. The defendant may rebut the presumption by demonstrating, by a preponderance of the evidence, that appropriate conditions of release will ensure his or her appearance at trial. If the court determines the defendant has rebutted the presumption, it must consider the criteria in section 903.046, Florida Statutes, and any other relevant facts, to determine whether to release the defendant on bail or other conditions.

(2)(3) *Pretrial Detention Motion Filed at First Appearance.* The defendant may be held in custody pending the completion of a detention hearing if there is probable cause for the arrest and if the state filed a motion for pretrial detention at first appearance.

(3)(4) *State Announces at First Appearance its Intent to Move for Pretrial Detention.* If there is probable cause for the arrest, a defendant may be held in jail for up to 4 days if the state informs the judge at first appearance that it intends to file a motion for pretrial detention under section 907.041, Florida Statutes. If the state does not file a motion for pretrial detention within the 4 days, a judge must determine conditions of release or continued detention under rule 3.131.

(4)(5) *State Does Not Announce Intent to Move for Pretrial Detention at First Appearance.* If there is probable cause for the arrest and if the state does not inform the judge at first appearance that it intends to file a motion for pretrial detention under section 907.041, Florida Statutes, the judge must determine conditions of release or continued detention under

- 7 -

rule 3.131.

(5)(6) *Pretrial Detention Motion Filed After First Appearance.* If the state filed a motion for pretrial detention after first appearance and if there is probable cause to believe the defendant committed the crime for which pretrial detention is sought, the defendant may be held in custody pending the completion of the detention hearing, or the judge may issue either an order to appear or a warrant. The defendant may be held in custody pending the completion of the detention hearing if he or she were arrested on a warrant issued under this subdivision. For a defendant out of custody, if the state is pursuing pretrial detention under section 907.041, Florida Statutes, the state does not need to show good cause as required by rule 3.131(d).

(6)(7) *Bail Pending Hearing.* If a defendant is released on bail for a dangerous crime that is a capital felony, a life felony, or a first-degree felony pending the completion of a detention hearing, the court must inform the defendant that if a surety bond is used to satisfy the monetary component of pretrial release and the motion for pretrial detention is subsequently granted, the defendant will not be entitled to return of the premium on the surety bond.

**(g)**   [No Change]

**(h)   Rights at Hearing.** The defendant is entitled to representation by counsel, to present witnesses and evidence, and to cross-examine witnesses who testify at the detention hearing. No testimony by the defendant ~~shall be~~is admissible to prove guilt at any other judicial proceeding, but such testimony may be admitted in an action for perjury, based upon the defendant's statements made at the detention hearing, or for impeachment.

**(i) – (m)**   [No Change]

## Criminal Court Steering Committee Note

[No Change]